DOWD, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| Peter Moore, ) | |
| ) | CASE NO. 1:97 CV 1060 |
| Defendant-Petitioner, ) | 1:92 CR 148 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| United States of America, ) | |
| ) | |
| Plaintiff-Respondent.. ) | |
| ) | |

### I. Introduction

Peter Moore filed on April 18, 2005, a pro se motion to overturn the conviction "handed down on December 29, 2000" on an "Actual Innocence" claim because of a misclassification of a prior state conviction. (Docket # 141-1). The government filed a response on May 19, 2005. (Docket # 142).

### II. History of the Cases.

The defendant was sentenced, on October 2, 1992, in the criminal case to a mandatory life sentence following his jury conviction for a violation of 21 U.S.C. §841(b) (1)(B). The sentence for the drug violation was enhanced to a mandatory life sentence because of several state drug offenses. The defendant was also convicted of a violation of 18 U.S.C. §924(c)(1) and received an additional sentence of 60 months.

The defendant then sought habeas relief in the civil case in 1997 in which he attacked one of the enhancing state convictions. The Court agreed with the defendant's position and prepared to re-sentence the defendant. The government was prepared to appeal the Court's decision regarding one of

(1:97 CV 1060 - 1:92 CR 148)

the enhancing convictions. However, a compromise was reached. On December 29, 2000, the defendant-petitioner and the government reached a sentencing agreement which resulted in a sentence of 300 months and a supervised release period of 10 years. In the process, the government promised not to appeal the Court's decision regarding the state conviction and the defendant-petitioner explicitly waived any claim in the future that the sentence should be less than 300 months. The plea agreement also referred to the fact that the Court had determined that the defendant's conviction for the Section 924(c)(1) was improper in light of Bailey v. United States, 116 S.Ct. 501(1995). A copy of the sentencing agreement is attached as Appendix 1.

### III. The Court's Ruling.

As indicated in the government's response (Docket #142), the sentence of 300 months did not turn on enhancing state convictions. The petitioner's sentence was based on a pure guideline calculation. Moreover, his motion, under the facts of this case, is barred by the teachings of Ross v. United States, 245 F.3d 577, 583 (6th Cir. 2001). The petitioner's motion is DENIED.

IT IS SO ORDERED.

| | |
|---|---|
| May 31, 2005 | /s/ David D. Dowd, Jr. |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |