DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Peter Moore, ) | |
| ) | CASE NO.1:97CV1060 |
| Petitioner, ) | 1:92CR0148 |
| ) | |
| v. ) | |
| ) | MEMORANDUM OPINION |
| United States of America, ) | (Resolving Doc. No. 140) |
| ) | |
| Respondent. ) | |
| ) | |

Before the Court is Petitioner Peter Moore's Second Rule 60(b)(6) Motion for Relief from Judgment (Docket No. 140), which is arguably his third request for habeas relief pursuant to 28 U.S.C. 2255. For the following reasons, the motion is denied.

**I**

The defendant was sentenced, on October 2, 1992, in the criminal case to a mandatory life sentence following his jury conviction for a violation of 21 U.S.C. Section 841(b)(1)(B). The sentence for the drug violation was enhanced to a mandatory life sentence because of several state drug offenses. The defendant was also convicted of a violation of 18 U.S.C. Section 924(c)(1) and received an additional sentence of 60 months.

The defendant then sought habeas relief pursuant to 28 U.S.C. Section 2255 in the above-captioned civil case in 1997 in which he attacked one of the enhancing state court convictions. The Court agreed with defendant's position and prepared to re-sentence the defendant. The government was prepared to appeal the Court's decision regarding one of the enhancing convictions. However, a compromise was reached. On December 29, 2000, the defendant petitioner and the government reached a sentencing agreement which resulted in a sentence of

(1:97CV1060 )

300 months and a supervised release period of 10 years. In the process, the government promised not to appeal the Court's decision regarding the state conviction and the defendant-petitioner explicitly waived any claim in the future that the sentence should be less than 300 months. On January 2, 2001, the Court granted the writ in part and denied the writ in part and Defendant was re-sentenced according to the sentencing agreement. See Docket No. 140. A copy of the sentencing agreement, including defendant's waiver of has also been filed in this case as an appendix to Docket No. 140.

More than four years later, on April 18, 2005, defendant filed his first motion pursuant to Rule 60(b)(6) to overturn his conviction, claiming the defense of "actual innocence" because a prior state court conviction was mis-classified. See Docket No. 141. The Court noted that state court convictions were not part of the sentencing calculation, cited the waiver signed by defendant in the sentencing agreement and denied his motion based on the Sixth Circuit's decision in Ross v. United States, 245 F.3d 577, 583 (6th Cir. 2001). The Court also denied defendant a certificate of appealability. See Docket No. 151.

Defendant appealed that decision and on April 11, 2006 the Sixth Circuit denied defendant's application for a certificate of appealability based on defendant's 28 U.S.C. 2255 petition. See Docket No. 155.

**II**

Defendant filed his second Rule 60(b)(6) motion on May 7, 2007. He seeks to have the judgment vacated because, he alleges, the United States "was, and is, without jurisdiction to prosecute Defendant[']s crime, in the State of Ohio, without first receiving a cession for

2

(1:97CV1060 )

legislative jurisdiction from the State of Ohio for the property where the crime was committed." Motion to Vacate Judgment, at 1 (Docket No. 140). He argues that he should have been tried by the State of Ohio, (Motion, at 3) as the federal crimes upon which he was found guilty occurred "in the Jurisdiction of the State of Ohio and the United States, Circuit Court was without jurisdiction." (Motion, at 5).

As the Court previously stated, arguably, this is defendant's third attempt at habeas relief pursuant to 28 U.S.C. 2255. As a successive petition, defendant would be required to obtain a certificate of appealability of the issue raised from the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. Section 2253(c) and Fed. R. App. P. 22(b).

But recent decisions from the Sixth Circuit and the United States Supreme Court counsel against considering this a successive petition for habeas relief and lead the Court to consider the merits of defendant's Rule 60(b)(6) motion without seeking pre-certification from the Court of Appeals.

In In re Nailor, — F.3d —, Case No. 06-6445, (6th Cir. May 31, 2007), the Sixth Circuit provided guidance on when the district courts should construe a Rule 60(b) motion as in fact a habeas petition pursuant to 28 U.S.C. 2255. The decision in Nailor adopts the reasoning from the United States Supreme Court decision in a 28 U.S.C. 2254 case, Gonzalez v. Crosby, 545 U.S. 524 (2005) and applies it to the federal habeas statute.

As in Nailor, defendant's arguments herein could have been raised at the time of the filing of the first petition and, four years later, at the time of the first Rule 60(b)(6) motion, which was also construed as a habeas petition. If every subsequent petition was considered

3

successive, then the Court would require defendant to seek pre-certification. However, the Supreme Court in Gonzalez held that "a Rule 60(b)(6) motion in a Section 2254 case is not to be treated as a successive habeas petition if it does not assert, or reassert, claims of error in the movant's state conviction." 545 U.S. at 538. Gonzalez offered the following examples of Rule 60(b) motions that should not be considered successive petitions for habeas relief:

> Rule 60(b) has an unquestionably valid role to play in habeas cases. The Rule is often used to relieve parties from the effect of a default judgment mistakenly entered against them . . . . The Rule also preserves parties' opportunity to obtain vacatur of a judgment that is void for lack of subject matter jurisdiction–a consideration just as valid in habeas cases as in any other, since absence of jurisdiction altogether deprives a federal court of the power to adjudicate the rights of the parties. . . .

545 U.S. at 534.

Because this Rule 60(b)(b)(6) motion is a challenge to the subject matter jurisdiction of the Court, it is appropriate to rule on it directly without seeking pre-certification. However, considering this motion pursuant to Rule 60(b)(6), the Court denies the motion based on 18 U.S.C. Section 3231, which provides that "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." As the Sixth Circuit stated in U.S. v. Titterington, 374 F.3d 453 (6th Cir. 2004): " 'Subject matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. Section 3231, and there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts. That's the beginning and the end of jurisdictional inquiry.'" Titterington, 374 F.3d at 459, quoting Hugi v. United States, 164 F.3d 378, 380 (7th Cir. 1999). Defendant makes no showing to support his claim that the Court lacked or lacks subject matter

(1:97CV1060 )

jurisdiction to impose judgment for violations of the statutes at issue.

### III

For the foregoing reasons, Petitioner Peter Moore's Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b)(6), is DENIED.

IT IS SO ORDERED.

| | |
|---|---|
| June 13, 2007 | */s/ David D. Dowd, Jr.* |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |